IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| ORLANDO MATTHEWS, | ) | |
| Plaintiff, | ) ) ) | |
| VS. | ) ) | No. 13-2998-JDT-tmp |
| ANTHONY FEATHERSON, ET AL., | ) ) ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On December 18, 2013, Plaintiff Orlando Matthews, a resident of Memphis, Tennessee, filed a *pro se* civil complaint, accompanied by a motion to proceed *in forma pauperis*. (Docket Entries 1 & 2.) He filed an amended complaint on December 19, 2013. United States Magistrate Judge Tu M. Pham subsequently granted leave to proceed *in forma pauperis*. (D.E. 4.)[1] On December 30, 2013, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended the case be dismissed *sua sponte* for lack of subject matter jurisdiction and failure to state a claim. (D.E. 5.) Objections to the R&R were due on or before January 16, 2013. See Fed. R. Civ. P. 72(b)(2). However, Plaintiff has filed no objections.

The complaint and amended complaint allege that Defendant Anthony Featherson, the chief operating officer, salesman and owner of Cars of Excellence, fraudulently sold Plaintiff's vehicle

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

to another person without his authorization and consent. Plaintiff seeks both compensatory and punitive damages. (D.E. 1 & 3.)

Magistrate Judge Pham found that Plaintiff's allegations fail to establish that the Court has either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Therefore, he recommends dismissal prior to service on the Defendants. Having reviewed the complaint and the law, the Court agrees with that recommendation. The Magistrate Judge's decision is thoroughly explained, and the issuance of a more detailed written opinion is unnecessary. Therefore, the Court ADOPTS the R&R and hereby DISMISSES the complaint for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3), and for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that

2

a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for lack of subject matter jurisdiction and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiffs is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the full $505 appellate filing fee[2] or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

   s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Effective December 1, 2013, the appellate filing fee increased to $500. The district court also charges a $5 fee for filing the notice of appeal, pursuant to 28 U.S.C. § 1917.

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless specifically instructed to do so, Plaintiffs should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.